UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JIMMY RAY OF THE VAUGHN FAMILY | Case No. 3:23-cv-00326-AR |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| TYLER TUCKER, *Loan Officer*, AVI MICAIAH, *Compliance Manager*, CAPITAL M LENDING, LLC, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Jimmy Ray of the Vaughn Family (Vaughn), representing himself, sues defendants Tyler Tucker, Avi Micaiah, and Capital M Lending, LLC (collectively, defendants) contending that they violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691(a)(3), when they refused to extend him credit, denied his mortgage loan application, and discriminated against him because he complained to the Consumer Fraud Protection Bureau (CFPB). After filing his complaint, the

Page 1 – FINDINGS AND RECOMMENDATION

court ordered Vaughn to file an amended complaint that included additional factual allegations to satisfy Federal Rule of Civil Procedure 8. Vaughn later filed two amended complaints. Defendants now move to dismiss Vaughn's claims as permitted by Rule 12(b)(6), contending that he fails to allege facts supporting any legal theory under which they could be held liable. As explained below, Vaughn's claims lack sufficient detail to permit the court to reasonably infer that defendants are liable for any alleged misconduct, and because Vaughn previously has amended his complaint and has not corrected those deficiencies, the court recommends dismissal without leave to amend.

## BACKGROUND

The relevant events occurred in late 2022 and 2023. On December 19, 2022, Vaughn discussed an extension of credit with Tucker, a loan officer with Capital. Vaughn gave Tucker his social security number to check his credit, and Tucker did so immediately. Tucker then told Vaughn that his credit scores were low and that he would not qualify for a mortgage loan on his own. (Second Am. Compl. at 4, ECF No. 11.)

Nine days later, Vaughn filed a complaint with the Consumer Financial Protection Bureau (CFPB) contending that Tucker violated various lending and consumer protection laws. Micaiah, a Capital compliance manager, responded to the CFPB complaint, stating that Vaughn's application was "still open" and that defendants were providing "alternative options." After the CFPB dismissed Vaughn's complaint in early February, Vaughn emailed Micaiah and texted Tucker, but they were unresponsive. (*Id.* at 5.)

On March 7, Vaughn filed his initial complaint in this court asserting that defendants violated the TILA by providing false and misleading information, among other things. (Compl.,

Page 2 – FINDINGS AND RECOMMENDATION

ECF No. 1.) The court promptly ordered Vaughn to file an amended complaint. (Order to Amend, ECF No. 3.)

Vaughn's mortgage loan application was denied on March 10. (*Id.* at 5-6.) Vaughn filed an amended complaint on March 20 (Am. Compl., ECF No. 4), and a second amended complaint (SAC) on November 28 (Second Am. Compl., ECF No. 11).[1] In the SAC, Vaughn contends that defendants wrongfully denied him credit because he in "good faith exercised [his] right under the Consumer Credit Protection Act." Vaughn also argues that defendants mistreated him, discriminated against him, and abused the CFPB process, violating the ECOA. Based on those violations, Vaughn demands an extension of credit, damages "not to exceed the cost of the housing in question" or $1,975,000, and fines of $1,000 per violation. (*Id.* at 6-7.)

Defendants move to dismiss, arguing that Vaughn fails to link the statutes he cites to the alleged facts. According to defendants, Vaughn's TILA claim fails because he does not identify what disclosures he did not receive or that they made a specific misrepresentation that may entitle him to relief. His ECOA claim also fails, defendants contend, because Vaughn did not qualify for any loan or credit line, does not identify that he belongs to a protected class, and does not articulate how they discriminated against him for filing the CFPB complaint. In short, defendants argue that Vaughn's allegations are not specifically articulated and that they are unable to formulate a defense and, therefore, his claims should be dismissed.

In his response to defendants' motion, Vaughn asserts that defendants falsely advertised that it could provide him a residential mortgage loan when Capital was permitted only to provide

---

[1] For clarity, the court refers to the most recent amended complaint filed on November 28, 2023, as the second amended complaint or SAC. (Second Am. Compl., ECF No. 11.)

Page 3 – FINDINGS AND RECOMMENDATION

commercial loans for business opportunities. Vaughn further argues that defendants falsely informed the CFPB that they were providing him with alternative options and had not taken adverse action on his credit application, yet they refused to respond to his emails and texts, demonstrating bad faith. (Pl.'s Resp. at 3-8, ECF No. 17.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal, therefore, can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (1988)). To survive a motion to dismiss, a complaint "must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

The complaint "may not simply recite the elements of a cause of action"; instead, it must contain "sufficient allegations of underlying *facts* to give fair notice and to enable the opposing

party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added); *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In evaluating the sufficiency of a complaint, the court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678-79.

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Stephens v. Biden*, Case No. 3:23-cv-00817-SB, 2024 WL 554274, at *3 (D. Or. Jan. 26, 2024), *adopted by* 2024 WL 665177 (Feb. 15, 2024) ("A court is generally not required to sift through a self-represented litigant's allegations and voluminous exhibits to tease out a valid claim.") (simplified).

\ \ \ \ \

\ \ \ \ \

**DISCUSSION**

A.  **TILA**

TILA is a consumer protection statute that aims to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638). "TILA generally governs the disclosures a lender must provide to a borrower during the loan origination process." *Davis v. Murray Mortg.*, Case No. EDCV 19-00732-CJC (RAOx), 2019 WL 13077328, at *2 (C.D. Cal. June 10, 2019). TILA's purpose is to provide meaningful disclosure of credit terms to borrowers before they are bound so that borrowers can readily compare credit terms and avoid the uninformed use of credit. 15 U.S.C. § 1601(a); 12 C.F.R. § 226 (Regulation Z, discussing disclosures that are required and that disclosures be clear, conspicuous, and in writing). To state a claim for a TILA violation, Vaughn must allege specific facts showing that he did not receive a required disclosure or that the disclosures he received were not accurate, clear, and conspicuous. *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883, 887-88 (9th Cir. 2009); *Clark v. CT Corp. Sys. ex rel. Genesis Fin. Sols.*, Case No. 6:23-cv-00845-MK, 2023 WL 3766354, at *3 (May 12, 2023), *adopted by* 2023 WL 3763544 (June 1, 2023).

In the SAC, Vaughn alleges that he gave Tucker permission to check his credit, and after doing so, Tucker refused to extend credit to him because his "credit line wasn't good enough" on his own, and that Tucker repeatedly lied to him, violating 15 U.S.C. § 1611, and citing 18 U.S.C. § 8. In his response to defendants' motion to dismiss, Vaughn contends that defendants violated

Page  6  – FINDINGS AND RECOMMENDATION

TILA and Regulation Z because he was seeking a residential mortgage loan, and not a commercial loan for a business opportunity. (Pl.'s Resp. at 3-6, ECF No. 17.) In Vaughn's view, Capital falsely stated that it would provide loans for residential purposes, when Capital can "only legally act as a **SELLER** or **MAKING A LOAN** to a **PERSON** known as a **PURCHASER** or **BORROWER** of a **RESIDENTIAL MORTGAGE LOAN** for a **BUSINESS OPPORTUNITY**." (Pl.'s Resp. at 6-7, ECF No. 17.)

Vaughn's allegations fail to state a TILA claim for several reasons. First, although Vaughn asserts that Capital cannot offer residential mortgage loans and suggests it may only offer loans for business opportunities, the court is not required to accept that legal conclusion. *Iqbal*, 556 U.S. at 678-79. Second, Vaughn's reliance on 15 U.S.C. § 1611 is unhelpful because that statute relates to criminal liability for TILA violations; it does not create a cause of action under which Vaughn may proceed. Third, Vaughn's citation to 18 U.S.C. § 8 likewise is misplaced because that statute defines the phrase "obligation or other security of the United States" under the federal criminal code; it also does not create a cause of action under which he may proceed. Fourth, Vaughn does not identify what TILA-required disclosures defendants failed to provide him or identify disclosures that he received that were not clear or conspicuous. And fifth, Vaughn's bare assertion that Tucker lied to him is not linked to any TILA-required disclosures, and without more, lacks sufficient detail from which the court can reasonably infer that Tucker, Micaiah, or Capital engaged in wrongdoing. Broadly construing the SAC, Vaughn has failed to state a plausible claim under the TILA and defendants' motion to dismiss should be granted. *See Clark*, 2023 WL 3766354, at *3 (dismissing TILA claim under Rule 8); *King v. Van*

Page 7 – FINDINGS AND RECOMMENDATION

*Tuyl*, Case No. CV-14-00047-PHX-BSB, 2014 WL 12769272, at *1 (D. Ariz. Mar. 11, 2014) (dismissing TILA claims as conclusory).

**B.     ECOA**

The ECOA prohibits discrimination by any creditor against an applicant based on race, color, religion, national origin, sex, marital status, age, income level, or "because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a)(1) & (3); *Brothers v. First Leasing*, 724 F.2d 789, 791 (9th Cir. 1984). "It applies to all credit transactions between creditors and applicants and precludes creditors from (1) discriminating against applicants based on their membership in a protected class, or (2) failing to notify applicants of an adverse action in accordance with the statutory requirements of the ECOA." *Nia v. Bank of Am., N.A.*, 603 F. Supp. 3d 894, 900 (S.D. Cal. 2022) (citing 15 U.S.C. § 1691(d)).[2] To state a plausible ECOA discrimination claim, a plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit from defendants; and (3) he was denied credit based on his protected status. *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 980 (D. Or. 2016). Facts that might plausibly suggest that credit was denied based on "an applicant's protected status may include: (1) that the applicant was qualified to receive credit and was denied credit despite being qualified; (2) facts demonstrating discriminatory animus or treatment by the defendant; or (3) that persons not within the protected class were granted extensions of credit by the defendant." *Id.*

---

[2]     Even broadly construing Vaughn's SAC, the court does not understand him to be asserting an ECOA notice claim.

Page 8 – FINDINGS AND RECOMMENDATION

In the SAC, Vaughn contends that defendants discriminated against him because he filed a complaint with the CFPB. Vaughn asserts that Micaiah provided false information to the CFPB when he stated that Vaughn's loan application was "still open," and that Capital was providing "alternative options." Vaughn contends that he is an applicant under 15 U.S.C. § 1691(b), and that under the mandatory language of 12 C.F.R. § 1002.2, he could not be denied credit. In short, Vaughn alleges that defendants discriminated against him when they denied him credit and he filed a CFPB complaint. (SAC at 5-6.)

Presuming that filing a CFPB complaint gave Vaughn protected status, he fails to state a plausible ECOA discrimination claim because he does not allege facts showing a nexus between the denial of credit and his protected status.[3] As defendants argue, Vaughn has not alleged facts supporting a reasonable inference that he was qualified for a mortgage loan and was denied anyway, or that others within his protected class were granted credit and he was not. (SAC at 4-6.) Rather, Vaughn alleges that he did not permit creditors to provide negative credit information in the first instance. (SAC at 6.) Although Vaughn alleges that Micaiah falsely informed the CFPB that his application was open, that defendants were providing "alternative options," and that defendants "had no intention of keeping [his] application open," (SAC at 5; Pl.'s Resp. at 5), those facts do not support an inference of discriminatory animus or treatment. Vaughn does not contest that Tucker told him that he was not qualified for a mortgage loan on his own before he

---

[3] Vaughn does not otherwise allege that he is a member of a protected class, such as race, national origin, or age. The parties do not cite authority establishing that filing a complaint with the CFPB is "exercising any right under this chapter" as stated in 15 U.S.C. § 1691(a)(3). For purposes of this Findings and Recommendation only, the court presumes that filing a CFPB complaint satisfies that statute. Beyond what is described above, Vaughn does not allege any details about what information was contained in his CFPB complaint, defendants' response, or the CFPB decision.

Page 9 – FINDINGS AND RECOMMENDATION

filed his CFPB complaint. Similarly, Vaugh's allegations that Micaiah and Tucker acted in bad faith because they were unresponsive to his text and email messages after the CFPB decision do not support a reasonable inference of discriminatory treatment. Vaughn alleges no details about the substance of his communications with Micaiah and Tucker, nor can the court reasonably infer that their mere failure to respond was discriminatory. Factual allegations in Vaughn's complaint "must be enough to raise a right to relief above the speculative level" so that his ECOA claim is plausible on its face. *Twombly*, 550 U.S. at 556. Vaughn's allegations in the SAC do not rise to that level. Defendants' motion to dismiss his ECOA claim should be granted.

**C.     *False Advertising***

In his response to defendants' motion, Vaughn argues that defendant Capital published an advertisement that used terms like "homebuyers," "buyers," and "don't settle for less – your mortgage is too important." (Pl.'s Resp. at 9.) Those statements were, in Vaughn's view, materially misleading because they promised that consumers could attain a home mortgage loan for private use when Capital could provide loans only for commercial or business opportunities. (*Id.*) According to Vaughn, Capital's actions constitute false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Vaughn's allegations are not meritorious for two primary reasons.

One, Vaughn's false advertising allegations are not contained in his SAC; instead, they appear in his response to the motion to dismiss. Vaughn previously amended his complaint twice and he has not sought or obtained the court's permission or defendants' consent to plead a false advertising claim as required by Rule 15(a)(2). And two, even if amendment were permitted, adding a false advertising claim would be futile. To bring a cause of action under the Lanham

Act, a plaintiff must come within the "zone of interests" under that statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129-132 (2014). The Lanham Act seeks to protect unfair competition and redressing "injuries to business reputation and present and future sales." *Id.* at 131. In other words, Vaughn must allege an injury to a commercial interest such as his reputation or sales, and not just that he was misled by Capital's advertising. *Pulse Health LLC v. Akers Biosciences, Inc.*, Case No. 3:16-cv-01919-HZ, 2017 WL 1371272, at *5 (D. Or. Apr. 14, 2017) (determining that plaintiff's claim fell outside zone of interests because he alleged no injury to commercial interests, such as sales or reputation). Because Vaughn asserts that he was pursuing a residential home mortgage and does not allege an injury to a commercial interest, his false advertising claim falls outside the zone of interests, and he does not have a cause of action under the Lanham Act.[4]

\ \ \ \ \

---

[4] To the extent that Vaughn is attempting to bring a claim under the Fair Credit Reporting Act (FCRA), it fails. FCRA is a consumer protection statute that aims "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. of Am. v. Burr*, 551 U.S. 47, 52 (2007). FCRA holds credit reporting agencies (CRAs) responsible for providing accurate consumer information and imposes duties on the "furnishers" who provide that information to CRAs. 15 U.S.C. §§ 1681(b), 1681s-2(a)(3). The act expressly creates a private right of action for willful or negligent noncompliance with its requirements. *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing 15 U.S.C. §§ 1681n, 1681o).

Vaughn alleges that four credit bureaus did not contact him for permission to report inaccurate information concerning his credit, violating 15 U.S.C. § 6802. (SAC at 6.) Section 6802 relates to "obligations with respect to disclosures of personal information." Vaughn does not contend that defendants are credit reporting agencies who made inaccurate reports. He also does not argue that defendants disclosed his personal information or otherwise describe how defendants violated FCRA. For those reasons, even if Vaughn is attempting to articulate a claim under FCRA, he fails to state a plausible claim. Additionally, as defendants argue, Vaughn's reference to various other statutes and regulations in his responsive pleading are not connected to his claims in any meaningful way, and therefore, the court declines to discuss them.

Page 11 – FINDINGS AND RECOMMENDATION

**D.**     *Leave to Amend*

Although leave to amend should be freely given "when justice so requires," FED. R. CIV. P. 15(a)(2), the district court has "particularly broad" discretion to deny leave to amend where the plaintiff has already had one or more opportunities to amend a complaint. *Chodos v. West Publ'g*, 292 F.3d 992, 1003 (9th Cir. 2002). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 539 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814 (9th Cir. 2020) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

Because Vaughn has amended his complaint twice previously (ECF Nos. 4, 11) and has had a chance to explain by why this action should not be dismissed in his response to defendants' motion to dismiss. Vaughn has not provided additional factual details that suggest his claims could be saved if granted leaved to amend. Thus, the court concludes that additional factual details are not forthcoming and that leave to amend would be futile. Accordingly, the court recommends that defendants' motion to dismiss be granted without leave to amend.

## CONCLUSION

For the above reasons, the motion (ECF No. 14) should be GRANTED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 14 days. When the

Page 12 – FINDINGS AND RECOMMENDATION

response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: August 23, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge